# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTEN E. WOLFE, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) 14-11960-FDS |
| SOCIAL SECURITY DISABILITY OFFICE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court will (1) grant plaintiff's motion for leave to proceed *in forma pauperis*, (2) direct plaintiff to file an amended complaint, and (3) deny an emergency motion.

## I.  Background

Kristen E. Wolfe, proceeding *pro se*, has brought this action against the "Social Security Disability Office" in which she seeks judicial review of the denial of Social Security benefits based on disability. In her one-page complaint, Wolfe alleges that she "applied for Social Security Disability Benefits as of March 12, 2012." She further alleges that "[t]his matter was taken to federal court after the case was before an administrative law judge in November 2013 and I was denied."

Wolfe also seeks leave to proceed *in forma pauperis*. She filed an "emergency motion" in which she states that she is homeless and without assets and "need[s] this appeal to go through so [she] can get money to support [her] living in an apartment please." Wolfe does not ask for specific relief in that motion.

## II.  Analysis

### A.  Motion to Proceed *In Forma Pauperis*

Upon review of plaintiff's motion for leave to proceed *in forma pauperis*, the Court

concludes that plaintiff lacks funds to prepay the filing fee and will grant the motion.

**B.     Screening of the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons should not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  This statute authorizes the Court to dismiss a complaint *sua sponte* if the claims are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction.  *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).  In conducting this review, the Court should liberally construe the complaint because plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, the complaint is subject to dismissal because it is not clear whether plaintiff has exhausted her administrative remedies.

The United States (including its various branches, departments, agencies, and officers acting in an official capacity) enjoys immunity from suit except in those instances in which it has expressly consented to be sued; absent such a waiver, the Court lacks jurisdiction over lawsuits against the United States.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Tapia-Tapia v. Potter*, 322 F.3d 742, 745-46 (1st Cir. 2003).

The Social Security Act contains a very narrow waiver of sovereign immunity.  Claims seeking Social Security benefits must be brought under the statute, naming the Commissioner of Social Security ("Commissioner") as the defendant.  *See* 42 U.S.C. §§ 405(g) and (h).  Pursuant to § 405(g), an individual may seek judicial review of a "final decision" of the Commissioner.  *See* 42 U.S.C. § 405(g).  Section 405(h) provides that § 405(g) is the sole avenue to judicial review under the Social Security Act.  *See* 42 U.S.C. § 405(h) ("[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed . . . except as herein provided").

The Social Security Act itself does not define "final decision," and the Supreme Court

has held that the term should be defined by the applicable regulations. *See Sims v. Apfel*, 530 U.S. 103, 106 (2000). The regulations of the Social Security Administration provide an administrative process consisting of (1) an initial determination, (2) reconsideration of the initial determination, (3) a hearing before an administrative law judge, and (4) review of the administrative law judge's decision by an Appeals Council. *See* 20 C.F.R. § 416.1400(a)(1)-(4). The regulations also state: "When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this subsection, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." 20 C.F.R. § 416.1400(a)(5).

Here, it is unclear what steps, if any, plaintiff took to exhaust her administrative remedies. It appears that plaintiff received an initial determination, but she does not state whether she received a "final decision" by pursuing the other three levels of administrative review. If plaintiff would like to pursue this action, she must file an amended complaint in which she states whether she received a "final decision" from the Commissioner, such that the Court has jurisdiction to review the decision. The amended complaint will completely replace the original complaint, so plaintiff should include in the amended complaint any factual allegations or legal claims in the original complaint that she wishes to be part of the operative complaint.

### III. Conclusion

For the foregoing reasons,

1. The motion for leave to proceed *in forma pauperis* is GRANTED.
2. If plaintiff wishes to pursue this action, she must file an amended complaint within 35 days of the date of this order in which she states whether she has received a "final decision" from the Commissioner and when she received the decision. The Commissioner must be the sole defendant in the amended complaint. Failure to comply with this directive will result in dismissal of this

3

action.

3. The "emergency motion" is denied without prejudice, as plaintiff does not specify the relief she seeks. To the extent that she is asking for permission to pursue judicial review of the decision of the Commissioner, she may do so by filing an amended complaint.

**So Ordered.**

/s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge

Dated: May 15, 2014